SAMUEL L. HOLT, and another.

*vs.*

WAYLAND KNOWLTON, and another.

SAME *vs.* WAYLAND KNOWLTON.

Waldo.    Opinion May 30, 1894.

*Sale. Deed. Agreement. Consideration. Lex Fori. R. S., c. 111, § 5.*

Deeds and notes, relating to property located in this State, although dated in another State but delivered here will be governed by the laws of Maine.

By R. S., c. 111, § 5, it is provided that, "No agreement that personal property bargained and delivered to another, for which a note is given, shall remain the property of the payee until the note is paid, is valid, unless it is made and signed as a part of the note; and no such agreement, although so made and signed is valid, except as between the original parties to said agreement, unless it is recorded like mortgages of personal property." . . .

The plaintiffs bargained and delivered certain machinery to the defendants taking their notes therefor and at the same time their sealed writing, a deed in effect, which contained the condition that the property should remain the plaintiffs' until the notes were paid. This condition was not made a part of the notes and was recorded like mortgages of personal property. *Held,* that the deed is void under R. S., c. 111, § 5; and that, therefore, the property was sold to the defendants upon credit, and the title had passed to them.

ON REPORT.

The first action was upon two promissory notes given by the defendants, November 10, 1891, on which day the plaintiffs bargained and delivered to the defendants a boiler, engine, belting and other fixtures at an agreed price of eleven hundred and thirty dollars, and took their three notes therefor payable in four, eight and twelve months.

On the same day the plaintiffs received from the defendants the following agreement:

"Boston, Mass., Nov. 10th, 1891.

Knowlton & Doe, Borrowed and received of S. L. Holt & Bart, One 50 H. P. Nagle Portable Boiler, No. 7118 with Stack and fixture complete and No. 6 Messenger Injector attached to same.

One 12″×16″ Detached Centre Crank Engine No. 6198 with Pump, Heater, Governor, and fixtures complete, 92 ft. of 14″

Double Leather Belt which we agree to safely keep, and care-
fully use, and not remove from the town of Montville, County
of Waldo, State of Maine ; also to keep insured in the sum of
one thousand dollars, for the benefit of said S. L. Holt &
Bart ; also, to pay all taxes upon the same, and at the
expiration of twelve months from the above date, return the
same to S. L. Holt & Bart, at Boston, together with any
additions, improvements, or attachments which may have
been made, free of all charges and unincumbered, and in as
good condition as when taken, ordinary wear excepted ; it being
expressly understood that the title to said Boiler, Engine, &c.,
shall not pass out of said S. L. Holt & Bart, until the full
sum hereinafter mentioned shall be paid as herein specified ;
that the same shall not become a fixture by being placed in
any mill or other building, or by being annexed in any man-
ner to the realty ; and that the said S. L. Holt & Bart, may
at any time enter upon the premises upon which said property
is located (forcibly if necessary), and take possession of the
same upon a violation of any one of the agreements herein
contained, and that any money already paid thereon shall be
considered as having been paid for the use of said property.
Provided always, and it is expressly understood, that if said
    Knowlton & Doe shall pay to the said S. L. Holt & Bart, the
    sum of eleven hundred and thirty dollars, as follows, to wit :
Cash in advance, $———.   Cash on delivery of Machinery,
    $———.
Note due Mch. 10/13, 1892 for $376.66 with interest at six per
    cent.
Note July 10/13, 1892, for $376.66 with interest at six per
    cent.
Note due Nov. 10/13, 1892, for $376.68 with interest at six per
    cent with freight and charges from Boston together with any
    sum or sums which the said S. L. Holt & Bart may have paid
    for insurance or taxes upon the said property by reason of the
    neglect or failure of the said Knowlton & Doe to keep the same
    insured, or to pay the taxes thereon as above provided, or in case
    the said S. L. Holt & Bart are obliged to take possession and

remove the same, they may collect the expenses for so doing, together with cost of any repairs which said S. L. Holt & Bart may have made on said machinery, of the said Knowlton & Doe. But if all the covenants herein contained are kept by the said Knowlton & Doe then the said S. L. Holt & Bart will execute a bill of sale of said Boiler, Engine, Injector and appurtenances.

> Wayland Knowlton, L. S.
> W. A. Doe,    L. S."

On the 16th day of November, 1891, the defendant, Wayland Knowlton, gave to the plaintiffs a mortgage of real estate to secure payment of said notes. On the 12th day of October, 1892, nothing having been paid on said notes, plaintiffs commenced an action of assumpsit against Knowlton & Doe on the first two notes, the third note not being then due.

The second action was a writ of entry brought on the first day of December, 1892, by the plaintiff against Wayland Knowlton to foreclose said mortgage.

On the 29th day of October, 1892, the plaintiffs took and disposed of the belting, described in the agreement, receiving fifty dollars therefor, and on the fifth day of November, following, they disposed of the engine, boiler and fixture, less some parts that were missing which plaintiffs supplied, for $813.39. The plaintiffs claimed that the property so taken and disposed of was with the consent of the defendants.

The defendants contended that there had been a rescission of the contract and that, therefore, the notes were without consideration.

*R. F. Dunton*, for plaintiffs.

*W. H. McLellan*, for defendants.

Counsel cited: *Gross* v. *Jordan*, 83 Maine, 383; *Hine* v. *Roberts*, 48 Conn. 267 (40 Am. Rep. 22).

SITTING: PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, WISWELL, JJ.

HASKELL, J. The plaintiffs bargained and delivered to defendants certain machinery for the stipulated price of $1130.

For this sum the defendants gave three notes of equal amount on four, eight and twelve months respectively. Defendant Knowlton gave a mortgage of real estate to secure the notes. At the same time the defendants gave their deed, in effect, that the property purchased should remain the property of the plaintiffs until the notes were paid. It contained other stipulations as to insurance, taxes, good condition, expenses of retaking and the like, and it was recorded in a town clerk's office in Maine, presumably where the property was. The notes and deed are dated, Boston. From the evidence, however, it may be inferred that the writings were delivered in Maine, so that it was a Maine transaction, relating to property located in Maine, and to be governed by the laws of Maine, and under the law of this State would have amounted to a conditional sale. *Gross* v. *Jordan*, 83 Maine, 380 : *Morris* v. *Lynde*, 73 Maine, 88.

The deed, under R. S., c. 111, § 5, is void. To make it valid, its provisions should have been embodied in the notes. The property, therefore, was sold upon credit, the title passed to the defendants, and the plaintiffs may have judgment upon the notes given for the purchase money, if anything remains due upon them.

Nothing having been paid upon the notes, the plaintiffs retook most of the property, with consent of the defendants, sold the same, and realized therefrom, net, $813.39.

The defendants say that the plaintiffs took back the property, rescinded the sale, and that the consideration for the notes failed. The evidence does not support this contention. One of the plaintiffs testifies that he took back the property under his deed. One of the defendants testifies, the other does not testify, that he surrendered the property without any agreement whatever. We think the inference to be drawn from the evidence is, that the plaintiffs should retake the property and account for its value. There is no suggestion but that, what the plaintiffs received from the property was its fair value. This sum, therefore, must be applied to the notes in suit. It more than pays them. Judgment must be for defendants for costs in that suit.

The third note is not in suit, but remains outstanding. Upon

this note should be indorsed the balance from the sale of the property above the amount of the first two notes, viz : $41.64 as of November 30, 1892. That note fell due November 13, 1892, before the writ to foreclose the mortgage given to secure it, had been sued out. The condition of the same was, therefore, broken before suit brought, and the plaintiff is entitled to judgment as of mortgage.

*Judgment for defendants in the suit upon the notes. Conditional judgment for plaintiffs in the real action.*